# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL M. SMITH,<br><br>　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　Defendant. | Case No.  1:26-cv-04917-SAB<br><br>ORDER REQUIRING JENNIFER L. DUNN TO SHOW CAUSE WHY PRO HAC VICE APPLICATION SHOULD NOT BE DENIED<br><br>(ECF No. 4) |

The Court has read and considered the application of Jennifer L. Dunn, attorney for Petitioner, for admission to practice *pro hac vice* under the provisions of Rule 180(b)(2) of the Local Rules of Practice of the United States District Court for this District.  (ECF No. 2.)

Local Rule 180 provides in pertinent part:

> **Attorneys Pro Hac Vice.**  An attorney who is a member in good standing of, and eligible to practice before, the Bar of any United States Court or of the highest Court of any State, or of any Territory or Insular Possession of the United States, and who has been retained to appear in this Court may, upon application and in the discretion of the Court, be permitted to appear and participate in a particular case.  Unless authorized by the Constitution of the United States or an Act of Congress, an attorney is not eligible to practice pursuant to (b)(2) if any one or more of the following apply: (i) the attorney resides in California, (ii) the attorney is regularly employed in California, or (iii) the attorney is regularly engaged in professional activities in California.

L.R. 180(b)(2).

The Supreme Court has noted that *pro hac vice* attorneys are generally one-time or

1

occasional practitioners.  Frazier v. Heebe, 482 U.S. 641, 647 (1987).  The right to appear *pro hac vice* is not absolute and a court may deny the application by setting forth reasons for the denial.  United States v. Ries, 100 F.3d 1469, 1471-72 (9th Cir. 1996).  In addressing whether an attorney has been regularly practicing in California, the Ninth Circuit has considered whether the attorney physically appeared before the district court, signed pleadings, and had contact with the plaintiffs, whether an attorney licensed in California remained the sole attorney responsible to the plaintiff, and whether the attorney rendered legal advice to the client.  Winterrowd v. Am. Gen. Annuity Ins. Co., 556 F.3d 815, 825 (9th Cir. 2009).

Attorney Dunn lists three other cases in which she has made an application to be admitted to practice *pro hac vice* in this District in the past year, (ECF No. 4 at 1), which, at the very least, begins to suggest regular engagement in professional activities in California.

Accordingly, IT IS HEREBY ORDERED that within **seven (7) days** of the date of service of this order, Jennifer L. Dunn SHALL SHOW CAUSE in writing why the *pro hac vice* application should not be denied for failure to comply with Local Rule 180(b)(2).

IT IS SO ORDERED.

Dated:   **June 29, 2026**

STANLEY A. BOONE
United States Magistrate Judge

2